IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY MCDOWELL,

    Plaintiff,                       No. 2:06-cv-2145 MCE CKD P

    vs.

J.L. BISHOP, et al.,

    Defendants.                   <u>ORDER</u>

/

        On April 11, 2011, defendant Ginder was granted summary judgment as to plaintiff's claim against him arising under the First Amendment. In July of this year, the Ninth Circuit found that pro se prisoner plaintiffs such as the plaintiff in this case must receive certain information about opposing motions for summary judgement when a motion for summary judgment is filed. See <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012). Plaintiff did not receive the required information when defendant Ginder's motion for summary judgment was filed. The information is as follows:

        The defendants have made a motion for summary judgment by which they seek to have some or all of your claims dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end some or all of your case.

/////

1

Rule 56 tells you what you must do in order to oppose a motion summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end some or all of your case.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents as provided in Rule 56 (c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, some or all of your case will be dismissed and there will not be a trial as to the claims which were dismissed.

Having now been provided with the required notice, the court will grant plaintiff 21 days within which to submit any evidence not previously submitted which is relevant in determining whether defendant Ginder should be granted summary judgment with respect to plaintiff's First Amendment claim. If plaintiff does not submit any further evidence, the previous ruling that defendant Ginder is entitled to summary judgment as to plaintiff's First Amendment claim will not be revisited.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted 21 days within which to submit any evidence not previously submitted which is relevant in determining whether defendant Ginder should be granted summary judgment with respect to plaintiff's First Amendment claim.

/////

/////

2. If plaintiff does not submit any evidence, the previous ruling that defendant Ginder is entitled to summary judgment as to plaintiff's First Amendment claim will not be revisited.

Dated: October 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mcdo2145.wyt